IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ALFARO-VASQUEZ, | : |
| Petitioner, | : |
| v. | : |
| | CIVIL ACTION 16-0422-WS-M |
| LORETTA E. LYNCH, | : |
| JEB JOHNSON, JUAN P. OSUNA, | |
| SARAH SALDANA, | : |
| THOMAS HOMAN, | |
| AND DAVID D. RIVERA, | : |
| Respondents. | : |

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by David Alfaro-Vasquez, a citizen and native of El Salvador, who has been detained by the U.S. Department of Homeland Security (hereinafter *DHS*) at the Etowah County Detention Center in Alabama (Doc. 1, ¶¶ 2, 5).  This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.L.R. 72(a)(2)(R) and is now ready for consideration. It is recommended that this petition be transferred as it was brought in the wrong venue.

In his petition, Alfaro-Vasquez states that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on April 7, 2014,

1

pursuant to a finding by an Immigration Judge that he be removed (*id.* at ¶¶ 16-17). Petitioner maintains that he has been detained improperly for more than two years (*id.* at ¶ 6). Alfaro-Vasquez seeks release from custody and injunctive relief (*id.* at p. 9). Petitioner filed this action on August 8, 2016 (Doc. 1).

Section 2241 requires that applications brought under its provisions "be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). This Court, the United States District Court for the Southern District of Alabama, meets neither of these required jurisdictional venues.

Alfaro-Vasquez attacks his detention in Etowah County, located within the jurisdiction of the United States District Court for the Northern District of Alabama, Middle Division. (Doc. 1); *see* 28 U.S.C. § 81(a)(6). This Court, "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to the appropriate court for consideration. 28 U.S.C. § 2241(d).

Therefore, it is recommended that, in the interest of

justice, this action be transferred to the United States District Court for the Northern District of Alabama, Middle Division.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 7(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 15th day of August, 2016.

                                          s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE